IT IS ORDERED

Date Entered on Docket: August 6, 2019

_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

IN RE:

    Michelle L Cox

        Debtor                                Case No. 17-12314-jl13

### DEFAULT ORDER GRANTING RELIEF FROM STAY
### OF PROPERTY LOCATED AT 1607 SEVENTH, ALAMOGORDO, NM 88310

    This matter came before the Court on the Motion for Relief from Stay filed on November 2, 2018, Docket No. 52, (the "Motion") by Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Reperforming Loan REMIC Trust Certificates, Series 2002-2 ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)     On November 2, 2018, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor(s), Michelle L Cox, and the case

trustee, Tiffany M. Cornejo, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

1607 Seventh
Alamogordo, NM 88310

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on November 27, 2018.

(f) On November 27, 2018, Debtor(s) filed an objection to the Motion which resulted in a Stipulated Order entered by the Court on January 29, 2019;

(g) Debtor failed to comply and defaulted under the terms stipulated in the Order. Therefore the Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on August 5, 2019 McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor(s) is(are) currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law, unless this matter is dismissed or Debtor otherwise does not receive a discharge of this debt.

3. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owe(s) any amount after the sale of the Property.

4. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

5. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/ Daniel Grunow**
**McCarthy & Holthus, LLP**
**Daniel Grunow, Esq.**
**Attorney for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 8/5/2019**
**dgrunow@mccarthyholthus.com**


Copies to:

**DEBTOR**
Michelle L Cox
1607 7th St.
Alamogordo, NM 88310


**DEBTOR(S) COUNSEL**
R Trey Arvizu, III
trey@arvizulaw.com


**CASE TRUSTEE**
Tiffany M. Cornejo
courtemail@ch13nm.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608

**SPECIAL NOTICE(S)**
Americredit Financial Services, Inc. dba GM Financial
Americredit Financial Services, Inc. dba GM Financial
PO Box 183853
Arlington, TX 76096

Jason Q Cox
1607 7th St.
Alamogordo, NM 88310

File No. NM-17-139221
Order, Case No. 17-12314-jl13
Case 17-12314-j13    Doc 67    Filed 08/06/19    Entered 08/06/19 17:25:18 Page 5 of 6

**SPECIAL NOTICE**
Taxation and Revenue Department of the State of New Mexico
jjacobsen@nmag.gov